UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GERALD DOUGHERTY,<br>Plaintiff,<br>v.<br>CHARLENE MAYER, et al.,<br>Defendants. | CASE NO. C26-5901 BHS<br><br>ORDER |

THIS MATTER is before the Court following Magistrate Judge Grady Leupold's Order granting pro se plaintiff Gerald Dougherty's application to proceed *in forma pauperis*, based on his indigency, leaving to this Court evaluation of whether Dougherty's complaint asserts a plausible claim and should be served. Dkt. 3 (citing 28 U.S.C. § 1915(e)(2)(B)).

A court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Tr.*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis* complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Id.* at 1370 (citing *Rizzo v. Dawson*, 778 F.2d

527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

A pro se plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations and footnotes omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly* at 555).

Dougherty's complaint is very short. It names three defendants, Charlene Mayer, Duane Mayer Junior, and Duane Mayer Senior, and asserts that all three live at the same Yelm, Washington address. Dkt. 3 at 2. It asserts that the Court has "federal question" jurisdiction over the case, but it asserts no claims, and seeks no relief.

It asserts three facts:

> -The three chopped off my hunting rivals and pistols. They took away all my fathers inheritance. Sold guns illegally.

Dkt. 3 at 5.

Dougherty has not articulated facts stating a plausible claim against anyone. Ordinarily, the Court will permit pro se litigants an opportunity to amend their complaint to state a plausible claim. *See United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011) ("Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment.").

Dougherty could perhaps flesh out his complaint to plausibly assert that the Mayer defendants damaged or stole his guns, but he has not identified any "federal question" raised by this allegation. There is no apparent basis for this Court's subject matter jurisdiction over the case.

Dougherty has not stated a plausible claim, and he has not invoked the Court's subject matter jurisdiction. His *in forma pauperis* status is **REVOKED** and this matter is **DISMISSED** without prejudice and without leave to amend.

The Clerk shall the case.

**IT IS SO ORDERED**.

//

//

//

Dated this 7th day of October, 2026.

BENJAMIN H. SETTLE
United States District Judge